UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA C.,[1]

                        Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

DECISION & ORDER

18-CV-1438MWP

**PRELIMINARY STATEMENT**

On December 7, 2018, plaintiff Lisa C. ("plaintiff") commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). (Docket # 1). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 17). On October 15, 2020, this Court entered a stipulation and order reversing the Commissioner's denial of SSI and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings. (Docket # 19). Judgment was entered remanding the case on October 16, 2020. (Docket # 20).

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

Following the entry of the judgment, plaintiff's counsel, the Law Offices of Kenneth R. Hiller, PLLC ("Hiller"), filed the pending motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,902.19. (Docket # 21). The Commissioner did not oppose the motion.

## ANALYSIS

The EAJA authorizes an award of "reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). By obtaining a stipulated remand, the plaintiff is a "prevailing party" for purposes of the EAJA. *See Rosalee Ann S. v. Comm'r of Soc. Sec.*, 2021 WL 2651942, *1 (N.D.N.Y. 2021) ("plaintiff is a 'prevailing party' because she has secured a stipulated remand pursuant to sentence four of the Act") (citing *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)).

An EAJA fee award is appropriate "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of demonstrating that its position was substantially justified. *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988). Here, the government has not attempted to satisfy that burden, nor do I find any "special circumstances" which would make an award unjust.

Of course, the fact that the Commissioner does not oppose the requested award of fees does not relieve this Court of the obligation to determine whether the requested amount is reasonable. *See Lockwood v. Colvin*, 2016 WL 6902341, *1 (D. Conn. 2016) ("[a]lthough the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is

obligated to review the fee application and determine whether the proposed fee award is reasonable"); *Pribek v. Sec'y, Dep't of Health & Hum. Servs.*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) ("the determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation") (quotations omitted).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The current statutory cap of $125 per hour took effect in 1996. *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (citation omitted). A court may adjust the hourly rate upward to account for inflation as determined by the Consumer Price Index ("CPI"). *See Isaacs v. Astrue*, 2009 WL 1748706, *3 (W.D.N.Y. 2009).

Here, Hiller seeks fees at adjusted hourly rates ranging between $203.58 and $209.05. (Docket # 21-1 at 5). I find these adjustments to be appropriate. *See Jiminez ex rel. D.S.J. v. Comm'r of Soc. Sec.*, 2023 WL 7304680, *2 (S.D.N.Y.) ("the [c]ourt finds that [the attorney's] claimed hourly rate of $230.00 is reasonable[;] . . . [b]ecause the CPI fluctuates, appropriate CPI-adjusted rates will vary from year to year), *report and recommendation adopted*, 2023 WL 6533501 (S.D.N.Y. 2023); *Jill A. ex rel. J.S.E.W. v. Kijakazi*, 2022 WL 170406, *1 (W.D.N.Y. 2022) (approving CPI-adjusted effective hourly rate of $218.02). Furthermore, I find that the 28.3 hours devoted to this case, as detailed in counsel's submission (Docket # 21-2), are reasonable. *See Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220 (W.D.N.Y. 2006) ("district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time") (collecting cases). Therefore, the Court concludes that the requested fees are reasonable.

"EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010). (Docket # 21-3). While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to their attorney, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer"). In this case, plaintiff has assigned her right to any EAJA fee award to Hiller. (Docket # 21-3). Accordingly, "if, after receiving the Court's EAJA fee order, the Commissioner (1) determines that [p]laintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to [p]laintiff's attorney." *Frost v. Comm'r of Soc. Sec.*, 2020 WL 7253345, *2 (W.D.N.Y. 2020).

## CONCLUSION

For these reasons, Hiller's unopposed motion for attorneys' fees pursuant to 28 U.S.C. § 2412 **(Docket # 21)** is **GRANTED**. The court awards Hiller attorneys' fees in the amount of $5,902.19 payable directly to Hiller, unless the government declines to waive

application of the Anti-Assignment Act, in which case the award shall be payable to plaintiff, but delivered to plaintiff's counsel.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
         December 20, 2024